# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Williamson | Civil Action No. 19-01212 |
| Versus | Judge Michael J Juneau |
| Garber et al | Magistrate Judge Carol B Whitehurst |

## JUDGMENT

For the reasons stated in the Amended Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record including the objections, and having determined that the findings and recommendations are correct under the applicable law, the Court adopts the Amended Report and Recommendation **in part** with the following findings as to Plaintiff's Section 1983 claims for deliberate indifference related to failure to receive his blood thinner medication.

Plaintiff has sued all Defendants in their official capacities. Suits against state officials in their official capacity are essentially treated as suits against the governmental entity or *Monell* claims. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361, 116 L. Ed. 2d 301 (1991); *See also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). Because official capacity suits are treated as *Monell* claims, there must be a policy or custom of the entity implicated in the constitutional violation. *Id*.

The failure to provide Plaintiff blood thinners after multiple requests for the medication is certainly the type of claim that can be viable under the Eighth Amendment. *See e.g., Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006); *Delaughter v. Woodall*, 909 F.3d 130 (5th Cir. 2018). However, this case, as a suit essentially against Sheriff Garber in his official capacity, requires Plaintiff to allege facts relating to a policy or custom alongside factual allegations of an Eighth Amendment violation. Plaintiff's complaint, as it stands, does not contain facts outside of Plaintiff's own incident that reveal a policy or custom of withholding medication or other deficiencies in medical care. Instead, the complaint makes legal conclusions regarding Sheriff Garber's policymaking authority. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss Defendants, Sheriff Garber and Paula Smith, Under Rule 12(b)(6), filed by Defendants, Mark A. Garber in his Official Capacity as Sheriff of Lafayette Parish and Paula Smith in her Official Capacity as Warden of Lafayette Parish Jail [Rec. Doc. 6] is **GRANTED IN PART** as to all Section 1983 and all Louisiana state law claims against Warden Paula Smith and the Section 1983 claims against Sheriff Mark Garber for "creating a hazardous condition caused by water leaking into the H-pod dormitory area" and for funding and maintenance of the Parish jail and all Louisiana state law claims; and **DENIED IN PART** as to Plaintiff's Section 1983 claims for deliberate indifference related to failure to receive his blood thinner medication and his resulting stroke,

understaffing, training or supervision and untrained personnel without prejudice to Defendant's right to reassert the motion after Plaintiff has amended his complaint.

**IT IS FURTHER ORDERED** that Plaintiff may amend his complaint addressing the claims for deliberate indifference regarding medical treatment and remaining Section 1983 claims against Sheriff Mark Garber in his official capacity for understaffing, training or supervision and untrained personnel within twenty-one (21) days of this Judgment.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 12th day of March, 2020.

                                          MICHAEL J. JUNEAU
                                          UNITED STATES DISTRICT JUDGE