UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE   DIVISION

| | |
|---|---|
| Williamson | Civil Action No. 19-01212 |
| Versus | Judge Michael J Juneau |
| Garber, et al | Magistrate Judge Carol B Whitehurst |

**REPORT AND RECOMMENDATION**

Currently pending before the undersigned, on referral by the district judge, is a re-urged Motion to Dismiss Under Rule 12(b)(6), filed by Defendant, Mark A. Garber in his Official Capacity as Sheriff of Lafayette Parish ("Sheriff Garber") [Rec. Doc. 26], Plaintiff's Memorandum in Opposition [Rec. Doc. 28] and Defendant's Reply [Rec. Doc. 31].[1] For the reasons provided, it is recommended that the Motions to Dismiss be granted.

**I.   BACKGROUND**

According to the Complaint, *R. 1*, on September 17, 2018, Plaintiff, Scott Williamson, was released from University Health Center ("UHC") where he had been treated for stroke, high blood pressure and diabetes. Upon his release from UHC, Plaintiff was arrested and booked at LPCC. At the time of booking, Plaintiff

---

[1] In his reply, Garber asserts that Plaintiff's Opposition Memorandum is untimely as it was filed one day after the 21-day deadline and requests that the Court not consider it. The Court finds that the 1-day delay in filing the Opposition will not prejudice either party and will therefor consider Plaintiff's Opposition.

1

put the LPCC authorities on notice of his medical conditions and his prescription medications for high blood pressure and blood thinner from UHC. At that time, Plaintiff signed the required releases for both medications.

On September 19, 2018, Plaintiff was provided his medication for high blood pressure, but was not administered the blood thinner medication. He was told he would have to sign another release, which Plaintiff did. On September 22, 2018, Plaintiff again filed a medical request for the necessary blood thinner medications. He alleges that both his feet had swollen and turned purple. On September 23, 2018, Plaintiff was seen by a Nurse Practitioner of the jail, who diagnosed him with foot fungus and gave him powder and socks. Plaintiff again asked for his blood thinner medication and was once again requested to sign another medical release, which he did.

On September 25, 2018, Plaintiff was seen by the Nurse Practitioner for a physical, and once again signed another release for the medical records and medication that had not been provided to him. Plaintiff was excluded from any jobs within the jail due to his previous strokes.

On October 24, 2018, Plaintiff requested medical attention and was told he would be seen that day. No blood thinner was administered, and Plaintiff was again required to sign a release, which he did. Thereafter, Plaintiff's cellmate woke for the

dinner hour and found Plaintiff unresponsive with facial dragging and signs of stroke. Plaintiff was transported to Lafayette General Medical Center by Acadian Ambulance and was taken to the ICU. Blood tests showed blood coagulation in veins due to the withholding of the blood thinning medication. Plaintiff alleges that while he was hospitalized, and with a deputy present as a witness, the attending physician, believed to be "a Dr. Phillip", indicated to Plaintiff that if he had been given his medication as prescribed, he would not have had another stroke.

Plaintiff filed this action on September 16, 2019, alleging violation of his constitutional rights under 42 U.S.C. § 1983 and Louisiana state law claims. On November 18, 2019, Defendants Paula Smith and Sheriff Garber filed an initial motion to dismiss all of Plaintiff's claims against them. Plaintiff filed an opposition to the motion to dismiss, and Paula Smith and Sheriff Garber filed a reply. On February 5, 2020, this Court issued a Report and Recommendation ("R&R") on the motion to dismiss. The district court entered a Judgment on March 13, 2020, adopting the R&R in part with additional findings. Specifically, the Judgment granted Defendants' motion and dismissed all claims under federal and state law against Paula Smith, all state law claims against Sheriff Garber, and the Section 1983 claims against Sheriff Garber for the alleged water leak and for funding and maintenance of the jail. The Judgment denied the motion to dismiss with respect to

3

the Section 1983 claims against Sheriff Garber for understaffing, failure to train/supervise, untrained personnel, and deliberate indifference related to failure to receive his blood thinner medication without prejudice and allowed Plaintiff to amend the Complaint with respect to these four claims. Plaintiff filed an Amended Complaint, *R.*25, and Defendants re-urged the motion before the Court.

## II. STANDARD OF REVIEW

*A. Rule 12(b)(6) Standard*

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009). But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id.* It need not contain detailed factual allegations, but it

must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir. 2007), the claim must be dismissed.

### III. LAW AND ANALYSIS

Plaintiff filed an Amended Complaint in response to the Judgment entered by the district court. *R. 26*. The allegations in the Amended Complaint, however, fail to allege any facts pertaining to the claims of failure to train/supervise, untrained personnel, and deliberate indifference for which Plaintiff was allowed an opportunity to amend pursuant to the Judgment. *Id.* Rather, the Amended Complaint, which is titled "Amended Complaint For Damages To Allege Understaffing", provides new allegations addressing only "Understaffing" and "re-avers and re-alleges all allegations made in his Original Complaint...." as to the claims of failure to train/supervise, untrained personnel and deliberate indifference. *Id., § 1, ¶¶ 33 –*

*43; § II.* The Judgment adopted this Court's Report and Recommendation finding that Plaintiff Complaint failed to sufficiently allege claims against Sheriff Garber in his official capacity as to understaffing, failure to train/supervise and for untrained personnel. The Judgment also specifically held that Plaintiff's Complaint failed to allege facts relating to a policy or custom of an Eight Amendment violation.[2] As Plaintiff has failed to address these claims in the Amended Complaint they must be dismissed for failure to state a claim.

In his Opposition Memorandum, Plaintiff addresses only the claim of understaffing arguing, "[a]s a result of the understaffing at LPCC, the Plaintiff was not properly and effectively administered medical treatment, specifically, he was not administered his blood thinner medication." *R. 28, p. 5, "The Amended Complaint adequately states a claim alleging understaffing."* Plaintiff's allegations in his Amended Complaint, however, address only the inadequate number of "security staff positions" which has "creat[ed] an unreasonable risk of prisoners and staff being assaulted." *R. 25, ¶33-36.* The Amended Complaint specifically alleges that, from 2005 to 2015, the total number of "security staff" positions was reduced from 153 to 72, which has "hampered the ability of staff to separate vulnerable prisoners

---

[2] As the district court noted, "[b]ecause official capacity suits are treated as *Monell* claims, there must be a policy or custom of the entity implicated in the constitutional violation." as to all of the four claims in question. *Hafer v. Melo*, 502 U.S. 21, 25 ( 1991) *quoting Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).

from predatory prisoners" and resulted in "a systematic breakdown in the jail disciplinary system" *R. 25, ¶34-43*. Plaintiff's Amended Complaint provides no allegation of any relationship between Plaintiff not receiving proper medication and the lack of proper staff to administer his medical needs.

As the additional allegations in the Amended Complaint have nothing to do with any of the allegations forming the basis of Plaintiff's constitutional claims against Sheriff Garber in his official capacity, it does not cure the deficiencies which the Court identified with respect to the understaffing claim. As Plaintiff has failed to identify any policy or custom related to understaffing that violated his constitutional rights he has failed to state a claim for which relief can be granted

### IV. CONCLUSION

For the above assigned reasons,

**IT IS RECOMMENDED** that the Motion To Dismiss [Rec. Doc. 26] be **GRANTED** as to all remaining claims against Sheriff Mark A. Garber in his official capacity.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 10th day of June, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE